UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM JOSEPH SADLER,

    Plaintiff,

v.

    Case No. 18-11689

    Hon. George Caram Steeh

ANDREW SAUL, COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMDATION (ECF No. 18)

On August 16, 2019, Magistrate Judge Stephanie Dawkins Davis issued a report and recommendation in this action for social security disability insurance benefits. Magistrate Judge Davis recommends that the court deny Plaintiff's motion for summary judgment, grant the Commissioner's motion for summary judgment, and affirm the Commissioner's decision. Plaintiff, William Joseph Sadler, filed objections to the report and recommendation, to which the Commissioner has responded.

## STANDARD OF REVIEW

With respect to reports and recommendations from magistrate judges, this court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

-1-

objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

When reviewing a case under the Social Security Act, the district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted). "When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

## ANALYSIS

Plaintiff's application for social security disability benefits was denied after a hearing before an administrative law judge, which became the final decision of the Commissioner. The ALJ found that Plaintiff suffers from the

following severe impairments: degenerative disc disease of the lumbar and cervical spine; right shoulder degenerative joint disease and rotator cuff tear; irritable bowel syndrome; osteoporosis; osteoarthritis; a depressive disorder; "NOS"; and cannabis dependence.

The ALJ concluded that although Plaintiff could not return to his past relevant work as an automobile mechanic and welder, he had the residual functional capacity ("RFC") to perform light work, with certain restrictions. Magistrate Judge Davis, upon review of the record and the parties' cross-motions for summary judgment, recommends that the court affirm the Commissioner's decision. Plaintiff raises several objections to the magistrate judge's report and recommendation.

I. Objection 1

Plaintiff argues that the ALJ erred by adopting a previously determined RFC and by not discussing the functional impairments caused by his osteoarthritis and osteoporosis. The magistrate judge correctly found that the ALJ did not blindly adopt the previous RFC, but gave the evidence a "fresh look." *See* ECF No. 10-2 at PageID 60 ("[A]ll of the new evidence has been considered in evaluating the claimant's residual functional capacity since the alleged onset date."); ECF No. 18 at PageID 727-30. *See also Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 931 (6th Cir. 2018); *Kamphaus v. Comm'r of Soc. Sec.*, 2018 WL 3800243 at *5

(E.D. Mich. Jul. 23, 2018) (no error in adopting previous RFC when ALJ considered new evidence).

As for Plaintiff's osteoarthritis and osteoporosis, he has not pointed to evidence that these impairments have caused any additional functional limitations. *See Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 429 (6th Cir. 2007) ("A claimant's severe impairment may or may not affect his or her functional capacity to work. One does not necessarily establish the other.") (citation omitted). Although Plaintiff suggests that the ALJ must explain "how he determined that Plaintiff's new severe impairments would not result in any additional functional limitations," it is Plaintiff's burden to establish his RFC. *Jordan v. Comm'r of Soc. Sec.,* 548 F.3d 417, 423 (6th Cir. 2008) (claimant "retains the burden of proving her lack of residual functional capacity"). Plaintiff has not demonstrated additional functional limitations as a result of his osteoarthritis or osteoporosis; accordingly, the ALJ and magistrate judge did not err in this regard.

Plaintiff further argues that the ALJ improperly relied on Plaintiff's daily activities in formulating the RFC and did not account for the limitations to which Plaintiff testified. The ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in

the record." ECF No. 10-2 at PageID 62.  Plaintiff does not challenge this credibility determination.  Moreover, the ALJ properly considered Plaintiff's daily activities in evaluating his subjective complaints and RFC.  *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004) ("The administrative law judge justifiably considered Warner's ability to conduct daily life activities in the face of his claim of disabling pain.").  In sum, Plaintiff has not demonstrated that the ALJ failed to consider new evidence or otherwise erred in determining his RFC.

II.     Objection 2

Plaintiff also argues that the ALJ erred in determining his RFC because the ALJ did not obtain a medical opinion.  However, the Sixth Circuit has repeatedly held that an ALJ is not required to base the RFC on a physician's opinion, because to do so "would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled."  *Rudd v. Comm'r of Soc. Sec.*, 531 Fed. Appx. 719, 728 (6th Cir. 2013).  See also *Tucker v. Comm'r of Soc. Sec.*, 775 Fed. Appx. 220, 226 (6th Cir. 2019) ("No bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual

functional capacity finding, but the administrative law judge must make a connection between the evidence relied on and the conclusion reached.").

Plaintiff argues that the magistrate judge interpreted the raw medical data herself by concluding that the medical records "show that Sadler experienced back, elbow, toe, and shoulder pain with some limitation in the range of motion in his right shoulder." ECF No. 18 at PageID 740. To the contrary, the magistrate judge did not interpret raw medical data, but summarized the relevant medical records. Plaintiff has not demonstrated that magistrate judge erred in doing so.

Plaintiff also contends that the magistrate judge erred in determining that the RFC was supported by Dr. Kuiper's opinion, which the ALJ gave "partial weight." Plaintiff argues that Dr. Kuiper found there was insufficient evidence in the record and did not provide an opinion. Plaintiff's characterization is incorrect. After reviewing Plaintiff's medical records, Dr. Kuiper found the evidence was "*sufficient* to assess the severity" of Plaintiff's physical impairments and adopted the ALJ's previous RFC. ECF No. 10-3 at PageID 146-49 (emphasis added). Dr. Kuiper did not merely recite the previous RFC, but agreed with it after considering new medical evidence. The magistrate judge did not err in finding that the RFC was supported by sufficient evidence. See ECF No. 18 at PageID 740-41.

III.  Objection 3

Plaintiff also asserts that the magistrate judge erred in finding that the ALJ properly applied the treating physician rule.  Plaintiff argues that the ALJ improperly discounted the opinion of his treating physician, Dr. Somand.  The ALJ gave Dr. Somand's opinion "little weight" because the doctor "provided little to no explanation of the evidence relied on in forming his opinions and reports" and the record did not support a significant worsening of Plaintiff's condition.  The magistrate judge found that the ALJ provided "good reasons to discount Dr. Somand's opinion."  ECF No. 18 at PageID 744-47.  Indeed, it is appropriate for an ALJ to discount a physician's opinion when he does not identify the objective medical findings that support the opinion.  "Where the opinion of a treating physician is not supported by objective evidence or is inconsistent with the other medical evidence in the record, this Court generally will uphold an ALJ's decision to discount that opinion." *Price v. Comm'r Soc. Sec. Admin.*, 342 Fed. Appx. 172, 175-76 (6th Cir. 2009) (citing *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006)).  As the magistrate judge noted, although Dr. Somand cited an objective finding of "multi-level foraminal narrowing," he "did not explain how that objective finding . . . lead him to conclude, essentially, that Sadler had such extreme limitations."  ECF No. 18 at

PageID 746. Having reviewed the record, the court finds no error in the magistrate's analysis.

CONCLUSION

For these reasons, IT IS HEREBY ORDERED that Magistrate Judge Davis's report and recommendation (ECF No. 18) is ACCEPTED and ADOPTED as the order of the court.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (ECF No. 12) is DENIED, Defendant's motion for summary judgment (ECF No. 13) is GRANTED, Plaintiff's objections (ECF No. 19) are OVERRULED, and the final decision of the Commissioner is AFFIRMED.

Dated: September 19, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 19, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk